Hand v. Startup.

JAMES A. HAND

v.

JAMES H. STARTUP et ux. et al.

A municipal charter, passed in 1871, provided that assessments for improvements should be a lien on the premises, notwithstanding any alienation or encumbrance thereof. A supplement, in 1873, provided that former assessments might be adjusted and confirmed, and should then be new assessments and a lien, and collected as provided in the original charter. A mortgage on lands in the city was given in 1873, after an assessment had been laid; this assessment was, after the mortgage was given, adjusted and confirmed, the confirmation taking place in 1874.—*Held*, that the lien of the assessment was, under the charter, paramount to that of the mortgage.

Bill to foreclose. On final hearing on pleadings and state of facts agreed upon.

*Mr. J. B. Vredenburgh*, for complainant.

*Mr. A. L. McDermott*, for Jersey City.

THE CHANCELLOR.

On August 17th, 1871, an assessment of $259.42, made under the charter of Jersey City for a municipal improvement (a street

Hand v. Startup.

improvement) upon the mortgaged premises, which are within the bounds of that city, was confirmed, and on the 12th of July, 1872, another of $2,031.39, made upon them, under the like authority, for another improvement (a sewer), was confirmed. Those improvements were duly brought before the board of commissioners appointed under the act "to adjust unpaid assessments in Jersey City" (P. L. of 1873 p. 442), and new assessments were made instead thereof. The assessment on account of the street improvement was reduced to $238.88, and the other to $720.98. The assessments appear to have been confirmed except as to the amounts. The confirmation in the case of the first-mentioned improvement took place in May, 1874, and that of the other in February, 1874. The act provides that the proceedings of the board shall be filed and recorded in the office of the clerk of the city, and that when so filed, the assessments made by the board, or a majority thereof, shall be a lien upon the property on which they are laid, and shall be collected in the same manner provided for the collection of assessments in the charter of the city. The act also declares that, when an assessment has been adjusted or confirmed by the board, it shall be a new assessment.

The complainant's mortgage was given and recorded in 1873, after the assessments, as originally made, were confirmed. The complainant insists that, inasmuch as the act just referred to declares that the assessment by the board shall be a new assessment, and that such new assessment shall be a lien when filed in the city clerk's office, the lien of the assessment, as originally made, was lost, and that of the new one did not attach until 1874, and therefore is subsequent and subject to the lien of the mortgage. The lien of the assessments has priority over that of the mortgage, by force of the provision of the charter for collecting the assessments. Under the construction which has been put upon like provisions in municipal charters, the assessments are a lien paramount to any mortgage or other encumbrance. The charter declares (P. L. of 1871 p. 1155 § 151) that assessments shall be a lien from the time of confirmation until paid, notwithstanding any devise, descent, alienation, mortgage or

other encumbrance thereof, and there is a provision for the sale of the property for a term of years, to pay them, and that the purchaser at the sale shall hold the property against the owner or owners, and all persons claiming under him or them. There is also provision for redemption by mortgagees or other encumbrancers, and for a record of the sales. Under these provisions, the lien of the assessment is paramount to that of the mortgage. *O'Neill* v. *Dringer, 4 Stew. Eq. 507; Howell* v. *Essex Co. Road Board, 5 Stew. Eq. 672.* There will be a decree accordingly.